**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-50086**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**BOBBY DALTON LAIRD,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**( W-95-CR-39-1) )**
_____

December 4, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

On this direct appeal, Bobby Dalton Laird presents five issues in challenging his conviction and sentence for conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. First, Laird contends that the district court abused its discretion in admitting evidence that Laird had been observed carrying a firearm during the course of the

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

conspiracy. Because this evidence was highly probative of his criminal intent to participate in the conspiracy, the district court did not abuse its discretion. *United States v. Martinez*, 808 F.2d 1050, 1056-57 (5th Cir.), *cert. denied*, 481 U.S. 1032 (1987).

Laird asserts next that the district court abused its discretion by into evidence 55.10 grams of methamphetamine (Gov. exs. 34 and 35) because the Government allegedly failed to link the evidence to him. No authority need be cited for the rule that, no objection having been made at trial, we review only for plain error. The Government introduced evidence that the methamphetamine was seized from the residence of a coconspirator, David Clendenen. Clendenen testified that he had received the methamphetamine from Laird two days before the former's residence was searched. Needless to say, there was no plain error.

Laird maintains that the district court clearly erred in increasing his offense level under Guidelines §2D1.1, pursuant to finding that Laird had been observed carrying a firearm during the course of the conspiracy. This finding was based on evidence that Laird was observed by a coconspirator carrying a firearm, and a statement in the Presentence Report, given to the probation officer by another coconspirator, that Laird was observed carrying a firearm on at least six occasions. The court did not clearly err.

Laird contends also that the district court clearly erred in calculating his sentence based on the above referenced methamphetamine. As discussed, the Government presented evidence

directly linking Laird to the methamphetamine. Therefore, the court did not clearly err.

Finally, Laird claims that his trial counsel was ineffective in failing to object to the trial court's assumption that his case involved D-methamphetamine, instead of L-methamphetamine. This claim cannot be resolved on direct appeal because it was not raised in the district court and no opportunity existed to develop the record on its merits. *E.g., United States v. Higdon,* 832 F.2d 312, 313-14 (5th Cir. 1987), *cert. denied*, 484 U.S. 1075 (1988). Of course, this claim may be raised in a 28 U.S.C. § 2255 proceeding.

*AFFIRMED*